# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SHIRE LLC,**  **Plaintiff,**  v.  **TRAVIS C. MICKLE, PH.D., and KEMPHARM, INC.,**  **Defendants.** | **ORDER**  Civil Action No. 7:10cv00434 |
| **KEMPHARM, INC.,**  **Counterclaim Plaintiff,**  v.  **SHIRE LLC, SHIRE PHARMACEUTICALS INC., SHIRE US INC., and SHIRE PLC,**  **Counterclaim Defendants.** | |

This matter is before the undersigned on Travis C. Mickle, PH.D. And KemPharm, Inc.'s Fifth Motion To Compel Discovery And For *In Camera* Review Of Plaintiff's Improper Claims Of Privilege, (Docket Item No. 452), ("Fifth Motion to Compel"), and Travis C. Mickle, PH.D. And KemPharm, Inc.'s Emergency Sixth Motion To Compel Discovery And For *In Camera* Review Of Plaintiff's Improper Claims Of Privilege, (Docket Item No. 469), ("Sixth Motion to Compel"), (collectively "Motions"). The Motions were heard before the

1

undersigned by telephone conference call on February 2, 2012. Based on the arguments and representations of counsel, the Motions are **GRANTED in part and DENIED in part**, and it is **ORDERED** as follows:

With regard to the Fifth Motion to Compel, I find that the purpose of the PricewaterhouseCoopers, ("PwC"), presentation was to provide business advice, not legal advice, to Shire. In particular, the PwC presentation was prepared by PwC for the sole purpose of rendering information relevant to Shire's financial reporting responsibilities. Therefore, it is irrelevant whether the PwC presentation was kept confidential. I find that the PwC presentation is not a privileged attorney-client communication protected from disclosure, and Shire shall produce an unredacted copy of the PwC presentation to the Defendants by February 14, 2012.

The Defendants also are seeking production of a due diligence report that Shire disclosed to PwC to aid PwC in its creation of the presentation. I find that even though the due diligence report was prepared by Shire's outside counsel for the purpose of providing legal advice to Shire, based on the same reasoning above, Shire's disclosure of the due diligence report to PwC was not to garner legal advice from PwC, but to obtain business advice. Thus, the due diligence report is not a communication protected by the attorney-client privilege, and Shire shall produce it to the Defendants by February 14, 2012.

With regard to the Sixth Motion to Compel, I find that communications between Defendant Mickle and Shire's/New River's legal advisors made for the purpose of obtaining or rendering legal advice while Mickle was employed at New River, are protected by the attorney-client privilege. Additionally, I find that communications between Shire's/New River's legal advisors and others while Mickle was employed at New River, and to which Mickle was privy, also are

protected by the attorney-client privilege. That being said, however, I find that to the extent that Shire offers any testimonial evidence at trial, including, but not limited to, testimony by Jeffrey Perez, Esquire, regarding the content of such communications, it shall operate as a waiver of the attorney-client privilege to those communications, as well as to any other communications related to the same subject matter.

Except as set forth above the Motion is **DENIED**.

**ENTERED** this 7th day of February 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE